UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LENNA JOYCE VAUGHN,

        Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of
Social Security,

        Defendant.

Case No. 2:21-cv-00953-EJY

**ORDER**

      Pending before the Court is Plaintiff's Motion for Remand (ECF No. 20), which is based entirely on the argument that the final decision denying her claim for benefits derived from an unconstitutional process.  The Court has considered Plaintiff's Motion and the Defendant's Cross-Motion to Affirm and Response to Plaintiff's Motion for Remand (ECF Nos. 22 and 23).  No response to the Cross-Motion to Affirm was filed by Plaintiff.  Plaintiff also did not file a Reply in support of her Motion for Remand.

**I.    Discussion**

      A.    <u>Introduction</u>.

      Plaintiff contends that because (1) Andrew Saul held the office of Commissioner of Social Security at all times when decisions relevant to Plaintiff's case were made, and (2) Commissioner Saul's tenure was unconstitutional because he was the single head of the Social Security Administration in a tenured protected position that limited the President's removal power, Commissioner Saul could not delegate authority to an administrative law judge ("ALJ") or Appeals Council that made decisions pertaining to Plaintiff's benefits.  ECF No. 20 at 9.  Plaintiff argues that she is entitled to remand as a matter of law because the conditions of Commissioner Saul's appointment and tenure violated separation of powers.  *Id*. at 10.  Defendant responds to this argument stating that Plaintiff cannot demonstrate a nexus between an action taken by an acting official removable at will and an "underlying … separation of powers challenge to a removal restriction …."  ECF No. 22 at 5.  The ALJ who made the decision to deny Plaintiff benefits was

appointed by then-Acting Commissioner Berryhill who "enjoyed no statutory tenure protection." *Id*. at 5-6 *citing* 42 U.S.C. 902(b)(4) and *Collins v. Yellen*, 141 S.Ct. 1761, 1783 (2021).

      B.    <u>The Law</u>.

The U.S. Supreme Court's decisions in *Seila Law LLC v. CFPB*, 140 S.Ct. 2183 (2020) and *Collins v. Yellen*, held that the for-cause restriction on the President's executive power to remove the single Director of the Consumer Financial Protection Bureau ("CFPB") and the Federal Housing Finance Agency ("FHFA"), respectively, violated the constitutional separation of powers. Specifically, in *Seila Law,* the United States Supreme Court considered the constitutionality of a statutory limitation on the President's power to remove the head of the CFPB. The Supreme Court held, under the facts of the case, the limitation was an unconstitutional violation of the separation of powers. *Seila Law*, 140 S.Ct. at 2207. In the course of coming to this conclusion, the *Seila Law* Court discussed and found the petitioner had standing to bring its claim. The Court stated: "petitioner's appellate standing is beyond dispute. Petitioner is compelled to comply with the civil investigative demand and to provide documents it would prefer to withhold, a concrete injury. That injury is traceable to the decision below and would be fully redressed if we were to reverse the judgment of the Court of Appeals and remand with instructions to deny the Government's petition to enforce the demand." *Id*. at 2196. In the course of coming to this conclusion, the *Seila Law* Court took issue with Congress investing unilateral decision-making power in the single Director of the CFPB, insulating the Director with a for-cause removal restriction, and delineating a five-year tenure in office. *Id*. at 2204. The Court explained:

> Because the CFPB is headed by a single Director with a five-year term, some Presidents may not have any opportunity to shape its leadership and thereby influence its activities. … To make matters worse, the agency's single-Director structure means the President will not have the opportunity to appoint any other leaders—such as a chair or fellow members of a Commission or Board—who can serve as a check on the Director's authority and help bring the agency in line with the President's preferred policies.

*Id.*

In *Collins*, the Supreme Court similarly found the structure of the FHFA unconstitutional for "concentrating power in a unilateral actor insulated from Presidential control." *Collins*, 141 S.Ct. at 1784. The *Collins* decision, which the Ninth Circuit considers "controlling with respect to the

remedy for any unconstitutionality in the removal provisions,"[1] emphasized that the unconstitutional leadership structure of the FHFA did not automatically render the agency's decisions void. *Id.* at 1787. The Court noted that, while the *removal* provision at issue was unconstitutional, the appointment of each director to the FHFA was sound, and thus there was "no reason to regard any of the actions taken by the FHFA … as void." *Id.*

Here, it is uncontroverted that, unlike *Seila Law*, the ALJ who made the decision denying Plaintiff's benefits was not appointed by a Commissioner of Social Security who was subject to removal restrictions under 42 U.S.C. 902(b)(4). Instead, the ALJ who made the decision in Plaintiff's case was appointed by an acting Commissioner of Social Security that could be removed at will by the President. Thus, Plaintiff's constitutional argument arising from the limitation on removal of the Commissioner of Social Security fails.

Further, even if the above was insufficient to deny Plaintiff's Motion for Remand, Plaintiff's Motion fails because she cannot establish a nexus between the alleged unconstitutional limitation on removal of the agency head and the denial of her benefits. To establish Article III standing, Plaintiff must show that she suffered an "injury in fact" that is "fairly traceable" to the defendant's conduct and would likely be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992) (alterations and internal quotation marks omitted). "[F]or purposes of traceability, the relevant inquiry is whether the plaintiffs' injury can be traced to 'allegedly unlawful conduct' of the defendant, not to the provision of law that is challenged." *Collins*, 141 S.Ct. at 1779 *citing Allen* v. *Wright*, 468 U.S. 737, 751 (1984) and *Lujan*, 504 U.S. at 560 ("explaining that the plaintiff must show 'a causal connection between the injury and the conduct complained of,' and that 'the injury has to be fairly traceable to the challenged action of the defendant' (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41 … (1976)").

In this case, unlike *Seila Law*, Plaintiff does not allege facts that support a finding that her injury, the denial of disability benefits, can be or is traced to the conduct of the SSA Commissioner. Plaintiff alleges no facts suggesting that when the ALJ denied her claim for Social Security benefits, the then-SSA Commissioner played any role whatsoever in that decision. Unlike the Director of the

---

[1]     *Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1137 (9th Cir. 2021).

CFPB who was directly involved in decisions that impacted and caused alleged injury to Seila Law, Plaintiff does not allege the Commissioner of the Social Security Administration took any action that is in any way related to the ALJ's decision.  In fact, it is well settled that each ALJ must "exercise[] his independent judgment on the evidence before him …." *Brennan v. Dep't of Health & Human Servs.*, 787 F.2d 1559, 1562 n.1 (Fed. Cir. 1986) (quoting *Butz v. Economou*, 438 U.S. 478, 513 (1978)).  Because Plaintiff offers nothing that traces the decision by the ALJ in her case to any alleged injurious conduct by the Social Security Administration Commissioner, she has not demonstrated traceability and her constitutional violation claim also fails for lack of standing.  *Seila Law*, 140 S.Ct. at 2196; *Collins*, 141 S.Ct. at 1779.

**II.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Remand (ECF No. 20) is DENIED.

IT IS FURTHER ORDERED that Defendant's Cross-Motion to Affirm (ECF No. 22) is GRANTED.

IT IS FURTHER ORDERED that judgment be entered in favor of Defendant and that this matter be closed by the Clerk of Court.

Dated this 19th day of April, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE